# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS S. ZOLLICOFFER,

    Petitioner,

v.                               Case No. 22-CV-1500

WARDEN STEVEN JOHNSON,

    Respondent.

## ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS

Thomas S. Zollicoffer is incarcerated as a result of the revocation of his extended supervision. He asks the court to reverse the administrative law judge's decision revoking his extended supervision. (ECF No. 1 at 8.) He complains that the ALJ was biased and relied on perjured testimony. (ECF No. 1 at 7.) He also argues that his attorney was ineffective because he did not appeal the revocation decision. (ECF No. 1 at 6-7.)

Zollicoffer used the standard form for a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) However, because he is custody pursuant to a judgment of conviction, his petition is properly one under 28 U.S.C. § 2254. *Quartman v. Cooper*, No. 20-CV-1008-JPS, 2021 U.S. Dist. LEXIS 143598, at *3 (E.D. Wis. Aug. 2, 2021)

(citing *Trepania v. Manning*, 21-cv-39-jdp, 2021 U.S. Dist. LEXIS 79848, 2021 WL 1946397 (W.D. Wis. Apr. 27, 2021)); *see also Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000).

Regardless of whether the petition is under § 2241 or § 2254, the court will screen it to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Dudley v. Schmidt*, No. 18-CV-1596, 2018 U.S. Dist. LEXIS 197663, at *1 (E.D. Wis. Oct. 12, 2018) (quoting Rule 4 of the Rules Governing Section 2254 Cases). That screening will include an assessment of whether the petitioner has exhausted state court remedies, which in the context of the revocation of extended supervision requires the petitioner to exhaust both his administrative remedies and his judicial remedies. *Mass v. Schwochert*, No. 10-CV-492, 2010 U.S. Dist. LEXIS 113389, at *5-*9 (E.D. Wis. Oct. 15, 2010). His judicial remedies include a petition for writ of certiorari in the circuit court and a review by the Wisconsin Court of Appeals, and at least a petition for review by the Wisconsin Supreme Court. *Id*.

The distinction between § 2241 and § 2254 could prove consequential because a petitioner is ordinarily limited to filing only one petition under 28 U.S.C. § 2254. Therefore, the court must warn a petitioner of this consequence before construing a § 2241 petition as one under 28 U.S.C. § 2254. *See Simpson v. Pollard*, No. 15-1319, 2015 U.S. App. LEXIS 22987, at *2 (7th Cir. June 22, 2015). Accordingly, within **28 days** of the date of this order Zollicoffer shall notify the court whether he wishes to proceed with his petition or if he wishes to withdraw it.

Further, the court notes that Zollicoffer indicates in his petition that he has made no effort to exhaust his administrative or judicial remedies with respect to his revocation. He attributes this to his attorney's failure to communicate with him and file his appeal. (ECF No. 1 at 2.) This explanation is not sufficient to excuse his failure to exhaust. Should Zollicoffer wish to proceed with his petition as a petition under 28 U.S.C. § 2254 he must also, within **28 days** of the date of this order, show cause why his petition should not be dismissed for failure to exhaust his state remedies.

All of Zollicoffer's filings with the court shall be mailed to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

Zollicoffer should also retain a personal copy of each document.

Zollicoffer is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, Zollicoffer must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely

3
Case 2:22-cv-01500-WED   Filed 01/30/23   Page 3 of 4   Document 4

delivered, thus affecting the legal rights of the parties.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 30th day of January, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge